Per Curiam.

The question presented is whether the expenditure from revenues derived from the motor vehicle fuel excise tax for studies and surveys for the underground parking lot, for which provision is made in Section 5538.17, Revised Code, is forbidden by the provisions of Section 5a of Article XII of the Constitution.
An expenditure to make a highway wide enough to enable parking on such highway would clearly be an expenditure for “highway purposes” within the meaning of Section 5a of Article XII of the Constitution. A purpose of providing parking space on a highway would appear to be no more a highway purpose than a purpose of providing necessary parking space off the highway. State, ex rel. Gordon, City Atty., v. Rhodes, Mayor, 158 Ohio St., 129, 134, 107 N. E. (2d), 206.
It is contended also, for the first time in this court, that, if the act authorizing the construction of the underground parking lot (Sections 5538.01 to 5538.21 and 5538.99, Revised Code, 126 Ohio Laws, 12) is a highway measure, it is void because it violates Section 26 of Article II of the Constitution, which provides that “all laws, of a general nature, shall have a uniform operation throughout the state.” Hixon v. Burson, 54 Ohio St., 470, 43 N. E., 1000. Since this constitutional question was not raised in either the trial court or the Court of Appeals, it will not be considered by this court. Village of Clarington v. Althar, 122 Ohio St., 608, 174 N. E., 251; City of Grandview Heights v. Redick, Dir., 165 Ohio St., 326, 135 N. E. (2d), 267.
For the reason that fewer than six members of the court are of the opinion that the statute is unconstitutional, the court cannot so declare it. Section 2, Article IV, Constitution.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygahdt, C. J., Matthias and Taft, JJ., concur.